The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On April 5, 1991, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendants.
3. On April 5, 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendants.
4. The parties have stipulated that plaintiff has reached maximum medical improvement and then was released from Southeastern General Hospital and by Dr. Noel McDevitt. Plaintiff has received maximum cosmetic treatment and was released by Dr. McDevitt in September of 1995.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was twenty-eight (28) years old. Plaintiff has received a two-year accounting degree and is single. He began his employment with the defendant as a warehouse clerk in 1990. Plaintiff advanced to a forklift driver in the warehouse.
2. On April 5, 1991, plaintiff was driving a forklift in the warehouse and hit a pole. The impact of hitting the pole caused plaintiff's face to hit the safety shield of the forklift. Plaintiff sustained cuts to his nose as a result of this injury.
3. Plaintiff was taken to Southeastern General Hospital where he received treatment for these cuts. Plaintiff was released by Southeastern General Hospital.
4. Plaintiff was treated by Dr. Noel McDevitt. Dr. McDevitt used cosmetic treatment in order to restore plaintiff's nose to maximum improvement. Dr. McDevitt released plaintiff from his care in September of 1995 having reached maximum medical improvement.
5. Plaintiff voluntarily left his employment with Unilever in September of 1995.
6. Plaintiff is currently employed as a real estate associate for Prudential Real Estate Company.
7. The plaintiff's scars do not impair his physical ability to perform his duties as a real estate salesman. The scars are visible if plaintiff is in close range.
8. Plaintiff sustained no diminution of his wages as a result of the injury on April 5, 1991. Plaintiff sustained no permanent impairment as a result of his injury on April 5, 1991.
9. The upper scar is on the bridge of plaintiff's nose. It is approximately 3/4 inch long and is pink. The scar is indicative of an incision or of a cut. The pink color of the scar is visible when in close range of the plaintiff.
10. A smaller scar on the tip of plaintiff's nose is approximately 1/4 inch and has no indentation. This scar is visible if standing very near to plaintiff. However, it would not be visible from greater distances from the plaintiff.
11. The scars on plaintiff's nose seriously mar his appearance.
12. The scars on plaintiff's nose constitute serious bodily disfigurement payable under subdivision of North Carolina General Statute Section 97-31(21).
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of his injury on April 5, 1991, plaintiff sustained a serious facial disfigurement for which he is entitled to equitable compensation in the amount of $900.00.
2. Plaintiff is entitled to payment of all medical and sick travel expenses incurred, or to be incurred, as a result of his injury on April 5, 1991 for so long as such examinations, evaluations and treatment tend to effect a cure, give relief, or will tend to lessen his period of disability. N.C. Gen. Stat. § 2(19); N.C. Gen. Stat. § 97-25.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. The defendants shall pay plaintiff equitable compensation of $900.00 for the disfigurement of his face.
2. The defendants shall pay all medical and sick travel expenses incurred, or to be incurred, by plaintiff as a result of his injury on April 5, 1991 for so long as such examinations, evaluations and treatment tend to effect a cure, give relief, or will tend to lessen his period of disability.
3. Defendants shall pay the costs.
This the ____ day of April, 1997.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ COY M. VANCE COMMISSIONER
DCS:bjp